UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 4:17-cr-02-1 |
| JESSE LAMONT LOCKHART, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jesse Lamont Lockhart's Motion for Severance of Counts Three and Four of the Superseding Indictment (ECF No. 28). Because joinder is proper and Defendant fails to show that he would suffer any undue prejudice, Defendant's Motion to Sever is denied.

## I.    BACKGROUND

On January 11, 2017, Defendant was named in a two-count Indictment arising from an alleged armed robbery of an Exxon gas station and convenience store in March 2016. *See* Indictment (ECF No. 12). In the course of that robbery, the Government alleges that Defendant brandished and pointed a firearm at an Exxon convenience store employee. *See id.* Count One charged Defendant with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). *See id.* at 1-2. Count Two charged Defendant with Brandishing a Firearm in Furtherance of a Crime of Violence, in violation 18 U.S.C. § 924(c)(1)(A). *See id.* at 3. The Norfolk Federal Public Defender's Office was appointed to represent Defendant after his arrest on these charges.

A Superseding Indictment was filed on May 18, 2017, charging Defendant with two additional offenses that arise from his alleged actions while he was detained pending trial. *See* Superseding Indictment (ECF No. 22). Count Three charges him with Conspiracy to Obstruct Justice, in violation of 18 U.S.C. §§ 1503, 1512. *See id.* at 4-7. Count Four charges him with Obstruction of Justice, in violation of 18 U.S.C. § 1503(c). *See id.* at 8. These counts allege that Defendant and a co-conspirator (his mother) provided false evidence to the Government by arranging to surrender an airsoft pistol replica of the gun he is charged with brandishing. *See id.* at 4-8. The Government asserts that because an airsoft pistol does not meet the definition of "firearm" specified in the brandishing statute, 18 U.S.C. § 921(a)(3), Defendant allegedly produced the airsoft pistol to evade a conviction for brandishing. The Superseding Indictment charges that these alleged acts constitute obstruction of justice. *See id.*

As a result of these alleged events, the Federal Public Defender withdrew from representing Defendant and a new attorney was appointed to represent him in this matter. *See* Mot. Withdraw (ECF No. 19); *see also* Withdraw Resp. (ECF No. 20). A jury trial on all four counts is scheduled to begin on September 26, 2017.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Criminal Procedure 8(a)

Federal Rule of Criminal Procedure 8(a) governs the joinder of offenses in a single indictment or information. Joinder is permissible if the offenses are: (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Courts "interpret the second and third alternative prongs of this rule 'flexibly, requiring that the joined offenses have a logical relationship to one another.'" *United States v. McLaurin*, 764 F.3d 372, 385 (4th Cir. 2014) (quoting *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005)).

Offenses have a logical relationship for Rule 8(a) purposes "'when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise.'" *Id.* (quoting *Cardwell*, 433 F.3d at 385). "Rule 8(a) permits 'very broad joinder,' 'because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding.'" *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015) (quoting *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003)); *see also United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008)).

### B.     Federal Rule of Criminal Procedure 14(a)

Federal Rule of Criminal Procedure 14(a) states that "if the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . ." Courts consider three possible sources of prejudice in this inquiry:

> (1) the jury may believe that a person charged with a large number of offenses has a criminal disposition, and as a result may cumulate the evidence against him or her or perhaps lessen the presumption of innocence;
>
> (2) evidence of guilt on one count may "spillover" to other counts, and lead to a conviction on those other counts even though the spillover evidence would have been inadmissible at a separate trial; and
>
> (3) [the] defendant may wish to testify in his or her own defense on one charge but not on another.

1A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 222 (4th ed.).

The party seeking severance bears the burden of making a "strong showing" of "severe" prejudice. *See United States v. Blair*, 661 F.3d 755, 770 (4th Cir. 2011); *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008); *Mir*, 525 F.3d at 357. To establish that severance is appropriate pursuant to Rule 14, "[i]t is not enough for the defendant to show that severance offers him 'a better chance of acquittal.'" *Cardwell*, 433 F.3d at 387 (quoting *United States v.*

*Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)). Instead, where offenses are properly joined under Rule 8(a), "'a district court should grant a severance under Rule 14 *only if* there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States,* 506 U.S. 534, 539 (1993)) (emphasis in original).

## III. ANALYSIS

Defendant moves to sever the brandishing and robbery charges (Counts One and Two) from the obstruction charges (Counts Three and Four). He contends that severance is warranted because joinder of these counts is impermissible, or because, even if their joinder is permissible, it would be unduly prejudicial to him. The Court addresses each contention in turn.

### A. Under Rule 8(a), Severance Due to Misjoinder Is Unwarranted

Defendant asserts that Rule 8 prohibits joinder because the obstruction charges (Counts Three and Four) are distinct offenses from the armed robbery charges (Counts One and Two). The Government counters that the Superseding Indictment meets the requirements for joinder because all counts are "based on the same act or transaction" and "are part of a common set of facts which connect the offenses." Resp. at 1. Courts interpret these bases for joinder flexibly, "requiring that the joined offenses have a 'logical relationship' to one another." *Cardwell*, 433 F.3d at 385.

Defendant contends that this case is similar to *United States v. Hawkins*, where the Fourth Circuit held that charges arising from a carjacking had been misjoined with a felon in possession of a firearm charge. *See Hawkins*, 776 F.3d at 206-09. Because the offenses were factually disparate, the issue in *Hawkins* was whether the offenses were of the "same or similar

4

character."[1] *See id.* at 207. This is not the issue here. *See* Resp. at 1, 3-5. As noted above, Rule 8 permits joinder under any of three circumstances: when offenses are (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) "connected with or constitute parts of a common scheme or plan." Because the Government relies on the second and third grounds, the sameness or similarity of the offenses is not at issue.

Moreover, *Hawkins* is factually inapposite. In that case, the offenses were separate and distinct—being a felon in possession of a firearm and committing an unrelated carjacking with a different weapon seventeen days before that offense. *Hawkins*, 776 F.3d 200 at 206-07. In this case, Counts Three and Four allege that Defendant obstructed the underlying robbery prosecution by providing the Government with an airsoft pistol replica of the weapon he is charged with brandishing. These allegations are factually and logically intertwined—a robbery, and subsequent attempts to impede prosecution for that robbery by substituting exculpatory evidence for incriminating evidence.

Courts in this circuit routinely hold that charges premised on a defendant's alleged attempts to conceal his conduct are properly joined with substantive charges arising from that conduct. *See, e.g., Mir*, 525 F.3d at 357 (immigration fraud and witness tampering); *United States v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982) (vote buying and obstruction of justice); *United States v. Duncan*, No. 2:15-cr-163, 2016 WL 1714887, at *3-4 (E.D. Va. Apr. 13, 2016) (interstate stalking and destruction of records). Because Defendant's robbery charges bear a "logical relationship" to his obstruction charges, the joinder of these counts is proper under Rule 8. Therefore, severance is unwarranted.

---

[1] The Fourth Circuit explained that "[t]he Government did not argue on brief, nor provide a rationale at oral argument, that joinder was proper either because the counts 'are based on the same act' or 'constitute parts of a common scheme or plan.' Our review of the record substantiates the lack of a nexus between the carjacking counts and Count III which would reflect the charges to be the 'same act' or a 'common scheme or plan.' Thus joinder rises and falls on whether Counts I and II are of a 'same or similar character' to Count III." *Id.* at 206.

**B.**     <u>Under Rule 14, Severance Due to Prejudicial Joinder Is Unwarranted</u>

Defendant next contends that, even if joinder is permissible under Rule 8, the Court should exercise its discretion to sever the counts under Rule 14 because joinder would result in prejudice. He argues that he would incur four types of prejudice.

### 1.     Prejudice from Former Counsel's Testimony

The obstruction charges stem from alleged acts undertaken by Defendant in the course of his preparing his defense on the robbery charges. Therefore, his former counsel may be a witness in this matter. *See, e.g.*, Withdraw Resp. at 3-4 (ECF No. 20). Defendant contends that such testimony would be inherently prejudicial. *See* Mot. at 4.

Defendant asserts that "the mere fact that the government intends to use either his counsel or agents of his counsel to establish the facts of counts three and four, is overwhelmingly prejudicial." Mot. at 4. It is unclear why the "mere fact" of counsel's potential testimony creates prejudice warranting severance. The presentation of such testimony would be constrained by the evidentiary rules and by any applicable privileges. *See, e.g.*, *Fisher v. United States*, 425 U.S. 391, 403-05 (1976) (discussing attorney-client privilege); *Mir*, 525 F.3d at 354 (describing trial court's evidentiary rulings used to minimize prejudice stemming from joinder).[2]

Defendant also contends that he will suffer prejudice because counsel's potential testimony concerning the allegedly obstructive communications "would have a prejudicial effect on the jury's belief that the defendant has a right to remain silent." Mot. at 4. The Fifth Amendment to the United States Constitution establishes an accused's right to remain silent. *See* U.S. CONST. amend. V ("No person . . . . shall be compelled in any criminal case to be a witness against himself."). That right "is limited to prohibiting the use of 'physical or moral compulsion'

---

[2] Moreover, the Government references several alternative sources of evidence for the obstruction charges. *See* Resp. at 6. This suggests counsel's testimony may be unnecessary.

*exerted on the person asserting the privilege*." *Fisher*, 425 U.S. at 397 (emphasis added) (collecting cases). Testimony by "a [defendant's] lawyer would not 'compel' the [defendant] to do anything and certainly would not compel him to be a 'witness' against himself." *Id.* Testimony from Defendant's former counsel would not impact Defendant's right to remain silent at his trial.

Defendant also fails to specify the prejudicial effect that counsel's testimony would have "*on the jury's belief* that [he] has a right to remain silent." Mot. at 4 (emphasis added). A defendant's "conclusory assertion of unfairness fails to satisfy his burden of demonstrating a strong showing of prejudice." *Branch*, 537 F.3d at 341. Defendant's failure to make a concrete or particularized showing of the prejudice that he would incur renders his burden unmet.

### 2. Prejudice from Improperly Cumulating the Evidence

Defendant also contends that joinder would prejudice him by creating a risk of evidentiary "spillover" between the robbery and obstruction charges, resulting from jurors hearing some evidence at the joint trial that they would not hear if separate trials were held. *See* Mot. at 4-5. He claims that spillover might lead a jury to cumulate the evidence improperly. *See id.* at 6.

Defendant's assertions are belied by the fact that if two separate trials were held, most of the evidence would be admissible in both trials. The possibility of prejudice from spillover evidence "is greatly diminished where . . . the evidence of the joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense." *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988) (quotation marks omitted).

In asserting that some critical evidence would be inadmissible at separate trials, Defendant references the character evidence rule, arguing that "'[e]vidence of other crimes which is relevant only to prove a criminal disposition is universally acknowledged to be

7

inadmissible.'" *Id.* (quoting *Hawkins*, 589 F.3d at 705); *see also* Fed. R. Evid. 404(a). Despite the character evidence rule's restrictions, however, the evidence at issue likely would be admissible for a "not for character" purpose. *See* Fed. R. Evid. 404(b). Specifically, the evidence of obstruction would be admissible in a robbery trial to show consciousness of guilt or lack of mistake. *See United States v. D'Anjou*, 16 F.3d 604, 609 (4th Cir. 1994). Similarly, evidence of the robbery would be admissible in an obstruction trial to show motive, intent, plan, knowledge, or the absence of mistake. *See United States v. Duncan*, No. 2:15cr163, 2016 WL 1714887, at *5 (E.D. Va. Apr. 13, 2016). Therefore, evidence of Defendant's alleged actions underlying both the robbery and the obstruction charges likely would be mutually admissible if separate trials were held.

Even if "every bit of evidence that was admissible in [the] joint trial might not be admissible . . . in separate trials[, the court] perceive[s] no particular danger that the jury would cumulate such evidence." *Carmichael*, 685 F.2d at 910. Any risk of prejudice from specific testimony or evidence can be addressed in a motion to exclude under Federal Rule of Evidence 403.[3] Any potential residual prejudice may be eliminated by a properly requested limiting instruction. In light of the foregoing, Defendant faces no risk of prejudice from spillover of evidence among the count groups.

### 3. Prejudice from the Inference that Defendant Possesses a Criminal Disposition

Defendant's claim that the jury would infer a criminal disposition from joinder of the counts is insufficient to warrant severance. This risk is "standard fare [that exits] whenever counts involving discrete incidents are linked in a single indictment" and "such a garden variety

---

[3] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."

side effect, without more, is insufficient to require severance." *United States v. Boulanger*, 444 F.3d 76, 88 (1st Cir. 2006).

### 4. Prejudice from the Inference that Defendant Was Engaged in Guilty Plea Negotiations

Defendant asserts that "[t]he testimony necessary for obstruction will clearly indicate that the defendant was considering and acting upon a desire to plead guilty to the robbery and brandishing charges." Mot. at 5. He contends that this would cause the "jury to believe that he must have committed the robbery if he was producing a weapon to the government," an inference that "would destroy any defense the defendant has on the initial charges of robbery and brandishing." *Id.* at 4-5. This is a permutation of the spillover argument.

Any prejudice from the potential implication that Defendant was preparing to plead guilty to the robbery charge is insufficient to warrant severance. Courts are "reluctant to find prejudice where the relationship of the charges [grows] out of the defendant's own conduct," such as charges based on alleged perjury or obstruction. *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008)[4] (internal quotation marks omitted) (alteration in original). Similarly, the Fourth Circuit has held that "awarding a preference as to severance with respect to acts of witness intimidation would sanction a course nowhere suggested in the Federal Rules." *Mir*, 525 F.3d at 357. "Requiring separate trials every time the government obtains post-indictment evidence on a related but distinct crime would generally impede the prosecution of criminal activity." *Id.* Based on the foregoing, Defendant has failed to show that he would suffer severe prejudice as a result of the joinder.

---

[4] The Court notes that the testimony introduced in *Olsen* was substantially more prejudicial than the evidence at issue here. In that case, on three of the fifteen counts "several women testified that Olsen raped or beat them." *Id.* This inflammatory evidence differed greatly from the other evidence introduced in Mr. Olsen's prosecution for obstruction and perjury.

To limit potential prejudice at trial, Defendant may request a limiting instruction admonishing the jury to consider the obstruction evidence only as to issues relevant to the obstruction charges. Evidentiary motions *in limine* or objections to the admissibility of the testimony and evidence can also limit prejudice. *See, e.g.*, *Mir*, 525 F.3d at 354 (describing tailoring the admissibility of evidence at trial to minimize prejudice stemming from joinder). Moreover, this purportedly prejudicial testimony and evidence regarding guilty plea negotiations may be inadmissible. This issue has not yet been adequately presented.[5]

## IV.  CONCLUSION

Defendant has not demonstrated that Counts Three and Four were improperly joined to Counts One and Two, or that he would suffer severe prejudice if all counts were tried jointly. Therefore, Defendant's Motion for Severance of Counts (ECF No. 28) is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to Defendant and all counsel of record.

**IT IS SO ORDERED.**

Arenda L. Wright Allen
United States District Judge

August ___, 2017
Norfolk, Virginia

---

[5] The Court notes that admissibility of this particular evidence may be limited by Federal Rule of Evidence 410(a)(4), which provides that "a statement made during plea discussions with an attorney for the prosecuting authority" is inadmissible "against the defendant." "In its most critical application, this language entitles the accused to exclude his own plea bargaining statements from a later trial on the underlying charges if no bargain is reached." 2 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 4:67 (4th ed.).

Rule 403's limitation on unduly prejudicial evidence and the attorney client privilege may also limit the applicability of some evidence. If unexpected prejudice does result from the joinder, the doctrine of retroactive misjoinder may offer some relief to the defendant after trial. *See* FEDERAL PRACTICE & PROCEDURE § 222 & n.11.1 (collecting cases).

10